IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY M. SMITH, #181090, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 19-0857-CG-N |
| ASHLEY KIDD, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff Courtney M. Smith, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed an action under 42 U.S.C. § 1983, which has been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), except for a claim against Defendant Ashley Kidd. The allegations against Kidd failed to state a claim upon which relief could be granted and, therefore, he was granted leave to file an amended complaint for the purpose of stating a claim against her based on the period from his initial placement in administrative segregation, near December 2, 2018, until his custody was changed on or about February 13, 2019. (Doc. 21 at 21, PageID.105; Docs. 24, 25). This action is now before the undersigned for appropriate action on Smith's fourth amended complaint pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful consideration, it is recommended that the Court abstain from exercising its jurisdiction over the fourth amended complaint based on *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and that the fourth amended complaint be denied pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which can be granted.

## I. Fourth Amended Complaint. (Doc. 30).

In the fourth amended complaint, Smith alleges that he was in segregation from December 2, 2018 to February 13, 2019 due to Defendant Kidd making false statements that he stabbed inmate Armstrong to death on December 2, 2018 and charging him with a violation of Administration Regulation 403, no. 901, homicide,[1] (Doc. 30 at 1, PageID.132). In the corresponding December 26, 2018 disciplinary hearing, Defendant Kidd said that Smith was not found with a weapon, but he did stab inmate Armstrong, and if he did not stab inmate Armstrong, he was the leadman who set up the stabbing. (*Id.*). Defendant Kidd, however, was not present when the incident occurred. (*Id.*). Smith was found not guilty in the disciplinary proceeding. (*Id.*). He charges Defendant Kidd with making false statements, fraud, treason, and violations of

---

[1] The fourth amended complaint also has allegations about Smith's segregation housing, which are general and brief, namely, "unlawful unjustified segregation from general population, prolonged solitary confinement poor living conditions[.]" (Doc. 30 at 1, PageID.132). Due to these allegations' conclusory nature, a plausible claim is not stated based on his confinement to administrative segregation. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (vague and conclusory allegations are subject to dismissal).
 The undersigned notes that, in the prior Report and Recommendation, several aspects of Smith's confinement to administrative segregation were addressed. (*See e.g.,* Doc. 21 at 15, PageID.99, finding no Eighth Amendment violation based on the conditions that were alleged against Defendant Wright although they were also construed as being directed to Defendant Kidd). Here, the general allegations are insufficient to demonstrate a liberty interest and Defendant Kidd's connection to his initial and continued placement in administrative segregation from December 2, 2018 to February 13, 2019. *See Troupe v. Sarasota Cnty., Fla.*, 419 F.3d 1160, 1165 (11th Cir.) ("A § 1983 claim requires proof of an affirmative causal connection between the defendant's acts or omissions and the alleged constitutional deprivation.") (citing *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir.1986)), *cert. denied,* 547 U.S. 1112 (2006).
 Furthermore, Defendant Kidd's connection to the bringing of the state criminal charge for capital murder is not clearly shown by the present allegations. Nonetheless, the Court is addressing Smith's claim despite the lack of an affirmative causal connection to Defendant Kidd.
 In sum, Smith's allegations against Defendant Kidd do not present a plausible claim distinct from the claims against Defendant Kidd that the Court previously addressed and dismissed.

his personal liberties and of the Fourth, Eighth, Ninth, and Fourteenth Amendments. (*Id.*). In closing, he asserts that Defendant Kidd's perpetrated discrimination and inhumane treatment on him because he is clearly innocent of the charge of capital murder that is pending in Escambia County for which he is "seeking justice and all relief in this civil case[.]" (*Id.* at 2, PageID.133).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

The undersigned is screening Smith's fourth amended complaint (Doc. 30) pursuant to 28 U.S.C. § 1915(e)(2)(B). This statute provides for the dismissal of a claim that is frivolous or fails to state a claim upon which relief can be granted. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not

give a court license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). And factual allegations are treated as true but not conclusory assertions. *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1951.

### III. Discussion.

The relief that Smith seeks in the fourth amended complaint is "justice and relief in this civil case[,]" from the capital murder charge pending in Escambia County, Alabama, of which he claims that he is innocent. (Doc. 30 at 2, PageID.133). The undersigned is treating this as a request for injunctive relief. That is, Smith is seeking relief from the pending capital murder case against him in Escambia County because it is based on Defendant Kidd's false statement and disciplinary charge, on which he was found not guilty in the disciplinary proceedings.

In *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court held that federal courts should abstain from addressing a civil action brought by a person seeking to enjoin, hinder, or restrain a pending criminal prosecution against him in state court. *Id.* at 43–45; 91 S.Ct. at 750-51; *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004), *cert. denied*, 543 U.S. 1051 (2005). Except in very limited circumstances, *Younger* requires that federal courts abstain from interfering with ongoing state criminal proceedings. *Younger,* 401 U.S. at 45, 91 S.Ct. at 751.

*Younger* abstention applies when state judicial proceedings are pending, the proceedings implicate important state interests, and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex Cnty. Ethics Comm.*

4

*v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982); *31 Foster Child. v. Bush*, 329 F.3d 1255, 1274 (11th Cir.), *cert. denied*, 540 U.S. 984 (2003).  Each of these elements is met here.  First, Smith has a pending case in Escambia County, Alabama, *State of Alabama v. Courtney Maurice Smith,* DC-2019-000579.00 (CC201900020800-JAW) filed March 15, 2019. https://v2.alacourt.com/ (last visited Oct. 20, 2022).[2]  The case information sheet reflects that he was initially arrested on December 4, 2018.  (*Id.*).  Second, his pending criminal case implicates the important state interest of law enforcement.  *Hale v. Pate,* 694 F. App'x 682, 684 (11th Cir. 2017) (recognizing that criminal proceedings, which are necessary to vindicate important state policies, implicate a state's interest) (citing *Middlesex,* 457 U.S. at 432, 102 S.Ct. at 2521).[3]  Finally, Smith may raise claims attacking the evidence against him and the correctness of the witnesses' statements in pending state court proceedings and, if unsuccessful at the trial level, on direct appeal before the state appellate courts.

Exceptions to *Younger* abstention apply when (1) prosecution will cause "great and immediate" irreparable injury; (2) the state law at issue flagrantly and patently violates the federal constitution; or (3) there is a showing of bad faith, harassment, or other unusual circumstances exist that require equitable relief.  *Mitchum v. Foster*, 407 U.S. 225, 230, 92 S.Ct. 2151, 2156, 32 L.Ed.2d 705 (1972) (citing *Younger, supra*).

---

[2] *See Keith v. DeKalb Cty., Ga.,* 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (taking judicial notice of the information contained in the online judicial system maintained by the state courts) (citing FED.R.EVID. 201).

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

The mere fact that Smith must defend himself in state criminal proceedings does not demonstrate irreparable harm. *Younger,* 401 U.S. at 46, 91 S.Ct. at 751 ("[T]he cost, anxiety, and inconvenience of having to defend against a single criminal prosecution [is not] considered 'irreparable' in the special legal sense of that term."). Additionally, no state law was identified that flagrantly and patently violates the Constitution, nor does the fourth amended complaint reflect bad faith, harassment, or other unusual circumstances warranting equitable relief. Rather, the injury faced by Smith in the state prosecution is the same one ''that [is] incidental to every criminal proceeding brought lawfully and in good faith[.]'' *Younger,* 401 U.S. at 50, 91 S.Ct. at 752 (citation and internal quotation marks omitted). As a consequence, no exceptions to *Younger* abstention apply, and Smith's injunctive relief claim seeking "justice and all relief in this civil case[,]" (*Id.* at 2, PageID.133) with respect to his ongoing state criminal proceedings is due to be denied under the *Younger* abstention doctrine. *See Jackson v. Georgia,* 273 Fed. App'x 812, 813 (11th Cir. 2008) ("Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions.") (citing *Younger,* 401 U.S. at 37).

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that the Court abstain from exercising its jurisdiction over the fourth amended complaint based on *Younger v. Harris, supra,* and that the fourth amended complaint be denied pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Cf. Hale*, 694 F. App'x at 685 (remanding action to note the dismissal was without prejudice on *Younger* abstention grounds in addition to 28 U.S.C. §

1915(e)(2(B)(ii)).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 21st day of October, 2022.

/s/ **KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**